**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Docket No.**

DEBORAH WENNING and
ANDRES CORREA,

14 CV 9693

Plaintiffs,

**COMPLAINT**

-against-

ON-SITE MANAGER, INC.,

Defendant.

RECEIVED

DEC 09 2014

The plaintiffs **DEBORAH WENNING and ANDRES CORREA** (hereafter

"Ms. Wenning" and "Mr. Correa" and, collectively, the "plaintiffs") by their

attorneys, Fishman & Mallon, LLP, as and for their complaint against the

defendant **ON-SITE MANAGER, INC.** (hereafter the "defendant" or "On-Site")

allege, upon information and belief, except those allegations which directly relate

to plaintiffs themselves, which are alleged upon personal knowledge, as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages and statutory

attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* ("Fair Credit

Reporting Act" or "FCRA") and for actual and punitive damages and injunctive

relief and statutory attorney's fees brought pursuant to the New York Fair Credit

Reporting Act [General Business Law ("GBL") Art. 25 § 380, *et seq.*] ("NYFCRA")

and the New York Deceptive Practices Act, GBL Art. 22-A, § 349.

2.      On-Site is engaged in the business of preparing and issuing consumer

reports for landlords, managing agents and other customers of its products, with

the intent that those reports be used by its customers in making residential

renting determinations.

3.      On-Site engages in its business nationally and its reports contain information about lawsuits filed by landlords seeking to evict residential tenants throughout the country.

4.      On-Site operates in New York City where it prepares and issues consumer reports for its New York City customers, consisting primarily of residential landlords, building managers and rental agents who subscribe to its services. (New York City customers")

5.      On-Site's New York City business includes the preparation and issuance of consumer reports which contain information about holdover and non-payment of rent proceedings filed, ***inter alia,*** in the New York City Housing Court ("Housing Court") by landlords against residential tenants.

6.      Such reports are issued to, and are intended to be used by, On-Site's New York City customers in connection with the application by consumers to rent residential apartments in New York City.

7.      On-Site issues thousands of such reports each year.

8.      It is On-Site's policy and routine practice to describe such holdover proceedings in its reports, regardless of the factual or statutory basis of such proceedings, as "FORCIBLE ENTRY/ DETAINER" proceedings. (emphasis original)

9.      Such description is inaccurate, and is instead entirely deceptive and misleading in that "forcible entry and detainer" proceedings are not recognized

by, and cannot be brought in, the Housing Court, except in very limited circumstances not applicable here.

10.     On-Site uses the term "forcible entry and detainer" to describe holdover proceedings brought in the Housing Court because it homogenizes its data and uses it on a national business model, rather than one that accurately and more precisely describes such cases in New York City.

11.     On-Site's use of the term "forcible entry and detainer" in consumer reports it prepared and sold to New York City landlords, and continues to sell to New York City landlords, caused harm to the plaintiffs, and continues to cause harm to consumers generally, because it falsely suggests that they engaged in aggressive, violent or otherwise illegal conduct.

12.     In reality, neither plaintiff engaged in any such conduct and the proceedings commenced against them by their former landlords in the Housing Court did not allege any such conduct.

13.     In fact, both plaintiffs settled their landlord's claims against them **before** such proceedings were even filed, without admitting any fault or wrongdoing.

14.     In addition, both plaintiffs voluntarily vacated their apartments in compliance with the agreements they made with their landlords and they were not forcibly evicted.

15.     On-Site chose not to discover any of these facts about the plaintiffs' Housing Court cases before preparing and issuing consumer reports about them.

16.     On-Site does not obtain any information directly from the Housing Court

about the cases it includes in consumer reports.  Instead, On-Site purchases

highly synthesized electronic data, in bulk form, from one or more other data

companies.

17.     Despite having no direct contact with the Housing Court, On-Site

prominently claims, in its consumer reports, that the information contained in

them **"is accurately copied from public records**…" (emphasis added)

18.     As a result of On-Site's failure to view actual court files, or take any steps

to learn the actual nature and disposition of the Housing Court cases it includes

in its consumer reports prepared for landlords, those reports are incomplete,

inaccurate and misleading in material respects, all in violation of the FCRA and

the NYFCRA.

19.     Such reports caused actual harm to the plaintiffs and continues to cause

actual harm to thousands of other New York City consumers.

### PARTIES

20.     Ms. Wenning is a natural person over the age of eighteen years residing in

the County, City and State of New York.  Ms. Wenning is a "consumer" within the

meaning of 15 U.S.C. §1681a(c) and GBL§ 380-a(b).

21.     Mr. Correa is a natural person over the age of eighteen years residing in

the County, City and State of New York.  Mr. Correa is a "consumer" within the

meaning of 15 U.S.C. §1681a(c) and GBL§ 380-a(b).

22.     On-Site is a California corporation whose principal place of business is

located at 307 Orchard City Drive, Suite 110, Campbell, CA 95008. The

defendant regularly does business in the County, City and State of New York.

23.     On-Site is a "consumer reporting agency" within the meaning of 15 U.S.C. §1681a(f) and GBL§ 380-a(e).

## JURISDICTION AND VENUE

24.     This Court possesses original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 insofar as the plaintiffs bring claims arising under the FCRA, and it possesses supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367.

25.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), insofar as the acts and transactions that give rise to this action occurred, in substantial part, in this District.  Venue is also proper in this District since the Defendant can be found in, has agents in and/or transacts business in this District.

## FACTUAL ALLEGATIONS PERTAINING TO DEBORAH WENNING

26.     In or about 2005 Ms. Wenning rented the premises 208 East 82nd Street, Apt. 31, NY, NY.  Ms. Wenning's tenancy at that apartment was subject to the New York Rent Stabilization Law.

27.     On or about November 2010 Ms. Wenning's landlord elected not to renew her lease for the apartment upon the ground that it did not believe she was residing in it as her primary residence.

28.     Ms. Wenning determined that she could not afford to fight an eviction proceeding not yet commenced by her landlord so she retained counsel in order to negotiate a surrender of the apartment.

29.    On February 28, 2011, simultaneously with the commencement of a

holdover proceeding against her in the Housing Court, Ms. Wenning entered a

written agreement in which she agreed to voluntarily vacate the apartment on a

date certain in the future, and, in exchange, her landlord agreed to waive a

portion of her rent.  (Holdover Petition attached as Exhibit A)

30.    In addition, the landlord agreed to name Ms. Wenning in the holdover

proceeding only as "Jane Doe" in order to prevent her from becoming

"blacklisted" as a result of the court filing.

31.    The agreement also permitted the landlord to enter a possessory judgment

against Ms. Wenning in order to enforce her obligation to vacate the apartment in

the event she failed to vacate voluntarily.

32.    Ms. Wenning fully and voluntarily vacated the apartment as agreed and the

landlord did not become obligated to take any further steps to recover

possession of the apartment.

33.    In or about May 2014, Ms. Wenning was notified that her name had been

selected to apply for a subsidized apartment in the West 45 Lottery and that she

was eligible to apply to rent an apartment at 510-550 West 45th Street, NY, NY.

34.    In connection with that application, on or about May 12, 2014, Common

Ground, the agent for the 510-550 West 45th Street landlord obtained a multi-

database report (the "Wenning report") about Ms. Wenning from the defendant.

(Attached as Exhibit B)

35.    At the top of the report, the following statement appears:

6

This report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, ***but only that it is accurately copied from public records***…" (emphasis added)

36.     The Wenning report included information about Ms. Wenning from a multi-state criminal records database, the National Sex Offender Registry, the OFAC SDN/Terrorist Watchlist, New York City Housing Court, and Experian.

37.     The Wenning report stated that no records were found pertaining to Ms. Wenning from the criminal records database, the National Sex Offender Registry or the OFAC SDN/Terrorist Watchlist.

38.     The information about Ms. Wenning in the Wenning report from Experian disclosed that all of her credit accounts were current and in "good standing." The report further stated that Ms. Wenning's "FICO" credit score was 816, which put her in the top 5% of credit scores nationally.

39.     Under the heading "Housing Court Records", the Wenning report claimed that Ms. Wenning had been a "Defendant" in a case brought by 82ND STREET ASSOCIATES LLC, as "Plaintiff."

40.     The Wenning report further stated that the "case type," highlighted in yellow, was "Forcible Entry/Detainer" and that a judgment was entered "for Plaintiff" on May 14, 2011.

41.     Although the Wenning report has a space for "comments" it was blank.

42.     On or about May 15, 2014, Ms. Wenning was advised, in writing, by Common Ground that her application for the apartment was rejected.  The only reason given in the rejection letter was "Tenant/Landlord history: Housing Court

record -April 2011- 'Forcible Entry/Detainer.'" (Attached as Exhibit C)

43.  As a result, Ms. Wenning was compelled to hire an attorney who was able to obtain an agreement from her former landlord to vacate the possessory judgment against her and discontinue that proceeding with prejudice.  That agreement also contained a consent by the former landlord to the expungement of any information pertaining to the Housing Court proceeding from the database of any credit reporting agency.

44.  Thereafter, Ms. Wenning's attorney submitted the agreement to the defendant who agreed to expunge the case from its database and issue a new report to Common Ground.

45.  Thereafter, Ms. Wenning was advised that her application for the apartment had been approved.

### FACTUAL ALLEGATIONS PERTAINING TO ANDRES CORREA

46.  In or about 2008 Mr. Correa entered into an agreement with Alexander and Gemma Sroczynski, the rent stabilized tenants of the premises 309 West 57th Street Apt. 1208 NY, NY, to sublet the apartment.

47.  Mr. Sroczynski advised Mr. Correa that the landlord of the apartment consented to such sublet.

48.  From the inception of the sublet Mr. Correa paid the agreed upon rent of $1400.00 each month to Mr. Sroczynski.

49.  On or about January 3, 2012 Mr. Sroczynski's landlord issued a "Notice to Cure," followed by a "Notice of Termination," him alleging that he was illegally

subletting the apartment to Mr. Correa without its consent and threatening an eviction proceeding against them in the Housing Court.

50.    Mr. Correa recognized that he did not have a basis to defend the eviction proceeding based on Mr. Sroczynski's illegal conduct and instead he retained counsel in order to negotiate his surrender of the apartment.

51.    Thereafter, the landlord commenced an illegal sublet holdover proceeding against Mr. Sroczynski in the Housing Court in which Mr. Correa was named as "Andres Doe, undertenant."  (Holdover Petition Attached as Exhibit D)

52.    On or about February 28, 2012, shortly after the commencement of the proceeding against Mr. Sroczynski and him, Mr. Correa entered a written agreement with the landlord in which he agreed to voluntarily vacate the apartment on a date certain. In addition, Mr. Correa agreed to pay the lawful rent stabilized rent for the apartment until he vacated.

53.    The agreement also permitted the landlord to enter a possessory judgment against Mr. Correa.

54.    Mr. Correa vacated the apartment and the landlord did not become obligated to take any further steps to recover possession of the apartment.

55.    In or about March 2013, Mr. Correa submitted applications to rent an apartment in a building owned by Prince George Limited Partnership.  ("PGLP")

56.    In connection with that application the defendant prepared a multi-data base consumer report (the " Correa report") about Mr. Correa and provided it to PGLP. (Attached as Exhibit E is a copy of the Correa report prepared by the

defendant in connection with the plaintiff's application to rent from Prince

George)

57.     At the top of the Correa report, the following statement appears:

> This report does not guarantee the accuracy or truthfulness of the
> information as to the subject of the investigation, ***but only that it is
> accurately copied from public records***…"  (emphasis added)

58.     The Correa report included information about Mr. Correa from a search of

a multi-state criminal records database, the National Sex Offender Registry, the

OFAC SDN/Terrorist Watchlist, Housing Court, and Experian.

59.     The Correa report stated that no records were found pertaining to Mr.

Correa from the criminal records database, the National Sex Offender Registry or

the OFAC SDN/Terrorist Watchlist.

60.     The information about Mr. Correa in the Correa report from Experian

disclosed that all of his credit accounts were either current and in "good standing"

or closed at his request.   The Correa report further stated that Mr. Correa's

"FICO" credit score was 760, which put him in the top 10% of credit scores

nationally.

61.     Under the heading "Housing Court Records", the Correa report claimed

that Mr. Correa had been a "Defendant" in a case brought by 309 Realty LLC as

"Plaintiff."

62.     The report further stated that the "case type" was **"FORCIBLE ENTRY/**

**DETAINER**" and that a judgment was entered "for Plaintiff" on March 30, 2012.

63.     Although the report has a space for "comments" it was blank.

64.    Shortly thereafter, Mr. Correa received a "NOTICE OF ADVERSE

ACTION" from PGLP advising him that his application for the apartment was

rejected based upon information contained in a report prepared by the defendant.

(Attached as Exhibit F)

65.    The notice was prepared from a template created for its customers by the

defendant.

66.    The notice stated,

> (W)e also evaluated your application with a proprietary credit score, called
> a "rental score," and used it in making our decision.  The score was
> calculated by taking information found in your consumer report and
> applying it to our leasing criteria….
>
> Your rental score: 1
> Scores range from a low of 0 to a high of 10

67.    The "rental score" is a mechanism created by the defendant and provided

to its landlord subscribers.

68.    Every adverse action notice created by the defendant for use by its

customers includes a "rental score" of 1 on a scale of 1 to 10 where the applicant

was previously named in a Housing Court proceeding, regardless of its nature or

outcome.

69.    The notice further stated, "(Y)our report includes a landlord tenant court

record or you owe money to a previous landlord."

70.    The notice further stated that the defendant "played no part in our decision

and is unable to supply specific reasons why we have denied credit to you."

71.    Such statement is false, deceptive and misleading because the

defendant's business model automatically recommends to its customers that they reject any applicant who was named in a previous Housing Court proceeding, regardless of its outcome or nature.

72.     As a result of the defendant's report and the subsequent rejection of his application, Mr. Correa was compelled to hire an attorney who was able to obtain an agreement from the landlord in the Housing Court proceeding to vacate the possessory judgment against him and discontinue the proceeding against him, with prejudice.

73.     That agreement also contained a consent by the former landlord to the expungement of any information pertaining to the Housing Court proceeding from the database of any credit reporting agency.

74.     Thereafter, Mr. Correa's attorney submitted the agreement to the defendant who agreed to expunge the case from its database.

### AS AND FOR A FIRST CAUSE OF ACTION:
### Failure to Assure Maximum Possible Accuracy in
### Preparing Consumer Reports, in Violation of 15 USC § 1681e(b)

75.     The plaintiffs repeat and reallege each allegation above as if fully set forth here.

76.     15 USC §1681e(b) provides, in pertinent part:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

77.     The defendant prepared consumer reports about each of the plaintiffs and provided those reports to their prospective landlords in connection with the

plaintiffs' respective applications to rent residential housing.

78.    The reports contained false, deceptive, misleading and/or incomplete

information about the plaintiffs, as follows:

a.  The reports falsely state that each of the plaintiffs had been sued in a
"Forcible Entry/Detainer" action, when in reality, they were sued in
"holdover" proceedings;

b.  The reports falsely imply that the plaintiffs' former landlords sued them
for engaging in illegal, aggressive and/or violent conduct;

c.  The reports falsely stated that the information about the plaintiffs was
"accurately copied from public records" when in fact it was copied from
information supplied by a private third party and the defendant never
reviewed any public records before issuing the reports;

d.  The reports falsely describe the plaintiffs as "defendant[s]" and their
respective former landlords as "plaintiff[s]" in the court cases contained
in the reports, when, in reality, such terms are not used in summary
holdover proceedings brought in the New York City Housing Court and
instead such parties are referred to as "Petitioner" and "Respondent";

e.  The reports fail to include the significant fact that each of the plaintiffs
consented to vacate their respective apartments **before** their respective
landlords commenced the proceedings;

f.  The reports fail to include the significant fact that each of the plaintiffs
consented to the possessory judgment in the proceedings without
admitting any fault or lease violation;

g.  The reports fail to state that each of the plaintiffs complied with their
obligations in the proceedings and vacated their respective apartments
without the need for their landlords to have them evicted;

h.  The reports fail to state that the judgments issued in the proceedings
were possessory only and did not require the payment of any money by
either plaintiff;

i.  The reports falsely imply that the plaintiffs were actually evicted from
their apartment by their previous landlords.

79.    In addition, the adverse action notice created by the defendant falsely and deceptively stated that the defendant had a "rental score" of 1, based solely on the presence of the housing court proceeding.

80.    As a result of the defendant's conduct and actions, as set forth above, the plaintiffs suffered actual damage, including, but not necessarily limited to, the following:

    a.  The denial of an application for a rental of a residential apartment;

    b.  Embarrassment, humiliation, anguish, distress and anxiety;

    c.  Legal fees in an effort to undo the harm caused by the defendant.

81.    As previously set forth herein, when preparing consumer reports, including those of plaintiffs, On-Site has lacked, and today continues to lack, any reasonable procedures to assure the maximum possible accuracy of the information concerning the individuals about whom the reports relate. Accordingly, On-Site's conduct has violated, and continues to violate, 15 U.S.C. §1681e(b).

82.    On-Site's failure to comply with 15 U.S.C. § 1681e(b) has been intentional and willful, or, at the very least, negligent.

83.    As set forth hereinbefore, as a result of On-Site's violation of 15 U.S.C. §1681e(b), the plaintiffs have been economically harmed to their detriment, and they are entitled to recover actual damages, in an amount to be determined by the trier of fact, statutory damages in an amount not less than $100 or more than $1,000 pursuant to 15 U.S.C. § 1681n, as well as the further relief set forth

below.

84.     In order to punish such conduct by On-Site, and to deter it and others from engaging in similar practices hereafter, plaintiffs are entitled to an award of punitive damages, pursuant to 15 U.S.C. §1681n, in an amount to be determined by the trier of fact, as well as the other relief as set forth below.

85.     In addition, the plaintiffs are entitled an award of statutory attorney's fees pursuant to 15 U.S.C. § 1681n and/or §1681o.

**AS AND FOR A SECOND CAUSE OF ACTION:**
**Violation of the NYFCRA,**
**General Business Law §§ 380-j and 380-k**

86.     Plaintiffs repeat and reallege each allegation set forth in paragraphs 1-53, above, as if fully set forth herein.

87.     GBL § 380-j(a) provides that:

No consumer reporting agency shall report or maintain in the file on a consumer, information:

(3) which it has reason to know is inaccurate.

88.     GBL § 380-j(e) provides:

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

89.     GBL § 380-k provides:

Every consumer or reporting agency shall maintain reasonable procedures designed to avoid violations of sections three hundred eighty-b and three hundred eighty-j of this article....

90.     As previously set forth herein, On-Site knew, or reasonably should have

known, and today knows or reasonably should know, that its reports regarding

New York City Housing Court proceedings are materially inaccurate, false,

deceptive, incomplete and misleading, for the reasons set forth above.

Accordingly, On-Site=s activities have violated, and continue to violate, GBL ''

380-j(a) and 380-k.

91.    In addition, for the reasons previously set forth herein, when preparing

consumer reports, including those of plaintiffs, On-Site has lacked, and today

continues to lack, any reasonable procedures to assure the maximum possible

accuracy of the information concerning the individuals about whom the reports

relate.  Accordingly, On-Site's activities have violated, and today continue to

violate, GBL '' 380-j(e) and 380-k.

92.    In addition, On-Site violated NY GBL § 380-g by failing to notify either

plaintiff that it had reported public record information about them and/or by failing

to maintain reasonable procedures designed to insure that whenever public

record information is reported it is complete and up to date and by failing to

update such public record information on a regular basis.

93.    As a result of its knowledge of its responsibilities under the NYFCRA, On-

Site's failure to comply with its requirements as to the plaintiffs has been

intentional and willful, or, at the very least, negligent.

94.    As set forth hereinbefore, as a result of On-Site's violation of GBL §§ 380-

g, 380-j and 380-k, the plaintiffs have been economically harmed to their

detriment, and they are entitled to an award of actual damages in an amount to

be determined by the trier of fact pursuant to GBL § 380-l and/or 380-m, as well as other the relief set forth below.

95.     On-Site's continuing and ongoing failure to comply with GBL §§ 380-g, 380-j and 380-k will, unless restrained and enjoined, cause the plaintiffs harm in the future and, accordingly, they are entitled to a permanent injunction barring the defendant from issuing consumer reports about them which:

    a.  falsely state that they, or either of them had been sued in a "Forcible Entry/Detainer" proceeding;

    b.  falsely state or implies that they, or either of them was sued by a landlord for engaging in illegal, aggressive and/or violent conduct;

    c.  fail to accurately state that they, or either of them consented to the relief sought in the court case brought against them;

    d.  fail to accurately state that they, or either or them, complied with their obligations in the resolution of the court case brought against them;

    e.  fail to accurately state the judgment issued in the court case was possessory only and did not require the payment of any money by them, or either of them;

    f.  falsely imply that they, or either of them, were actually evicted from their apartment by their previous landlord;

    g.  falsely state or suggest that the public record information in the report was accurately copied from public records; and

    h.  fail to accurately and completely state the nature of the Housing Court proceeding commenced against them.

96.     In order to punish such conduct by On-Site, and to deter it and others from engaging in similar practices hereafter, plaintiffs are entitled to an award of punitive damages, pursuant to GBL § 380-l, in an amount to be determined by

the trier of fact, as well as the other relief as set forth below.

97.    The plaintiffs are entitled to an award of statutory attorney's fees pursuant to GBL § 380-l.

### AS AND FOR A THIRD CAUSE OF ACTION:
### Violation of New York General Business Law § 349

98.    Plaintiff repeats and realleges each allegation set forth in paragraphs above, as if fully set forth herein.

99.    GBL § 349 bars "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

100.   GBL § 349 provides that "any person who has been injured by reason of any violation of [their respective] section[s] may bring an action in his own name to enjoin such unlawful act or practice" as well as to obtain actual damages, or fifty dollars, whichever is greater.

101.   As set forth hereinbefore, On-Site has engaged in deceptive acts and practices within the meaning of GBL§ 349, namely, by making information available for sale to the public, as a credit reporting agency, which is incomplete, inaccurate and misleading, while, at the same time, falsely representing to the public that the information in its reports is "accurately copied from public records."

102.   In addition, On-Site's "rental score" mechanism, is deceptively created and designed to produce a score of 1 on a scale of 1 to 10 for every applicant previously named in a Housing Court proceeding regardless of its nature or outcome and regardless of the applicant's credit worthiness.

103.   On-Site's conduct and practices, as set forth above, are directed at New York consumers generally.

104.   As a consequence of deceptive business practices, On-Site has caused both consumer injury and harm to the plaintiffs, as set forth herein, as well as to the public interest.

105.   As set forth hereinbefore, by reason of On-Site's violation of GBL § 349, the plaintiffs have been economically injured to their detriment, and are entitled either to actual damages, in an amount to be shown according to proof, or to damages in amount of $50 pursuant to GBL § 349(h), whichever is greater, as well as the other relief set forth below.

106.   On-Site's continuing and ongoing failure to comply with GBL §349 will, unless restrained and enjoined, cause similar harm to other consumers and, accordingly, plaintiffs, acting as "Private Attorney's General," are entitled to a permanent injunction barring the defendant from issuing consumer reports which include information about a proceeding brought in the Housing Court pertaining to a New York resident which:

    a. falsely state that any tenant was sued in a "Forcible Entry/Detainer" proceeding;

    b. falsely state or imply that any tenant was sued by a landlord for engaging in illegal, aggressive and/or violent conduct;

    c. fail to accurately state whether the tenant named in the report consented to the relief sought in the court case brought against him or her;

    d. fail to accurately state whether any tenant named in the report complied with their obligations in the resolution of the court case brought against

him or her;

e.  fail to accurately state that any judgment issued in the court case set forth in any consumer report was possessory only and did not require the payment of any money by the tenant;

f.  falsely imply that any tenant was actually evicted from their apartment by a previous landlord;

g.  falsely state or suggest that the public record information in any consumer report was accurately copied from public records; and

h.  fail to accurately and completely state the nature of the Housing Court proceeding commenced against the tenant named in the report.

107.   In addition, the plaintiffs are entitled to a permanent injunction barring the defendant from employing a "rental score" which falsely and deceptively claims that applicants have a score of 1 on a scale of 1 to 10 solely because they were named in a previous Housing Court proceeding, regardless of its nature or outcome.

108.   In addition, the plaintiffs are entitled an award of statutory attorney's fees pursuant to GBL § 349(h).

WHEREFORE, the plaintiffs demand judgment against the defendant as follows:

a)  An award of actual, statutory and punitive damages and statutory attorney's fees and costs on the First Cause of Action; and

b)  An award of actual and punitive damages and statutory attorneys fees and costs and a permanent injunction on the Second Cause of Action; and

c)  An award of actual and statutory damages, a permanent injunction and

statutory attorney's fees and costs on the Third Cause of Action; and

d)  Such other relief as may be just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury of all issues triable by a jury.

Dated:      New York, New York
            December 9, 2014

                        Respectfully Submitted,

                        _____
                        JAMES B. FISHMAN (JBF-8998)
                        SUSAN K. CRUMILLER (SC-9547)
                        FISHMAN & MALLON, LLP
                        305 Broadway, Suite 900
                        New York, NY 10007
                        (212) 897-5840
                        Attorneys for the Plaintiffs
                        www.nyctenantslaw.com

**EXHIBIT A**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK : HOUSING PART
------------------------------------------------------------------------X          Index No. L&T

**82ND STREET ASSOCIATES L.L.C.,**

          Petitioner-Landlord,

    -against-                                                                                  **PETITION-HOLDOVER**

**"JANE DOE"\*\*,**                                                                   Petitioner's
208 East 82nd Street, Apt. 31,                                                 Business Address:
New York, New York 10028
                                                                                               9 Park Place, Suite 1E
        Respondent(s)-Tenant(s),                                     Great Neck, NY 11021

\*\*    First and/or last name of Tenant(s) and/or
       Undertenant(s) is fictitious and unknown to Petitioner.
       The persons intended are whomsoever are in
       possession of the premises herein described.
------------------------------------------------------------------------X

      The Petition of 82ND STREET ASSOCIATES L.L.C. shows that:

    1.    Petitioner is the Landlord of the Subject Premises described below.

    2.    The undersigned is a partner in Sperber Denenberg & Kahan, P.C., attorneys for Petitioner and authorized signatory pursuant to RPAPL Section 741 and CPLR Section 3020.

    3.    Respondent "JANE DOE" is the Tenant of said premises who heretofore entered into possession.

    4.    The premises are described as follows:  All rooms, Apt. 31, in the building known as and located at 208 East 82nd Street, New York, New York, which is situated within the territorial jurisdiction of the Civil Court of the City of New York, County of NEW YORK.

    5.    The term for which said premises were leased to the Respondent(s)-Tenant(s) expired on February 28, 2011.

    6.    The Respondents continue in possession of the premises without permission of the Petitioner, after the termination of said tenancy.

    7.    Notwithstanding the foregoing, Section 2 of Chapter 403, Laws of 1983, provides inter alia that "Housing accommodations not occupied by the Tenant, not including subtenants or occupants, as his primary residence, as determined by a Court of competent jurisdiction" are exempt from the Rent Stabilization Law of 1969,  as amended by Chapter 576 Laws of 1974, as further amended by chapter 403, Laws of 1983. As a result of the Tenant(s) not occupying the premises as a primary residence, the Tenant(s) is/are not entitled to the protection of the Rent Stabilization Law of 1969,  as amended by Chapter 576 Laws of 1974, as further amended by chapter 403, Laws of 1983 including, but not limited to, a renewal lease or continued occupancy.

8.     At least 90 and not more than 150 days prior to the expiration of Tenant(s) most recent lease term, the Tenant(s) was served pursuant to Section 2523.5 of the Rent Stabilization Code with a Notice advising Tenant(s) that the Petitioner would not be renewing the lease on the grounds that the Tenant(s) do(es) not occupy the Subject Premises as a primary residence as authorized by Section 2524.4(c) of said Rent Stabilization Code. In addition, the aforesaid Notice apprised the Tenant(s) pursuant to Section 5(a)(11) of the Emergency Tenant Protection Act of 1974, as amended by the Omnibus Housing Act, of 1983 that the Owner intended to commence no less than thirty (30) days after the giving of said Notice an action or proceeding to recover possession of the Subject Premises on the ground that the Subject Premises is not occupied by the Tenant(s) as a primary residence.   Petitioner served a written notice, a copy of which is annexed hereto with proof of service and made a part hereof, of Petitioner's intention to commence such a proceeding on such grounds.

9.     The apartment is presently subject to the Rent Stabilization Law of 1969, as amended by Chapter 576 of the Laws of 1974, as amended by chapter 403, Laws of 1983, by reason of the fact that the apartment was subject to the Rent Stabilization Law on June 30, 1974.

10.     The premises are a multiple dwelling and pursuant to the Housing Maintenance Code, Title 27, Chapter 2, Subchapter 4, there is a currently effective registration statement on file with the Office of Code Enforcement in which the Owner has designated the Managing Agent named below, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.

    1.     MDR Number:          109673
    2.     Registered Managing Agent:  Rafael Sassouni
    3.     Business Address:      9 Park Place, Suite 1E
                                   Great Neck, NY 11021

11.     Petitioner lacks written information or notice of any address where the Respondent(s)-Tenant(s) - reside(s) / is/are employed / has a place of business - in New York State, in addition to the address of the property sought to be recovered, except for c/o William J. Gribben, Esq., Himmelstein, McConnell, Donoghue & Joseph, 15 Maiden Lane, 17th Floor, New York, New York 10038.

12.     No monies for rent and/or "use and occupancy" have been received and/or accepted since the expiration of Respondent's term.

**WHEREFORE**, Petitioner requests a Final Judgment awarding possession of the Subject Premises to Petitioner the issuance of a warrant to remove Respondents from possession thereof.

Dated:     New York, New York
         March 1, 2011

                                      **82ND STREET ASSOCIATES L.L.C.**,
                                      Petitioner

# COMBINED NOTICE OF NON-RENEWAL OF LEASE
## AND INTENTION TO COMMENCE PROCEEDING
### BASED UPON NON-PRIMARY RESIDENCE

**TO:** **DEBORAH WENNING**
208 East 82nd Street
Apartment 31
New York, New York 10028

**RE:** PREMISES: All rooms, Apartment 31, in the building known as and located at 208 East 82nd Street, County, City and State of New York.

PLEASE TAKE NOTICE, that the Lease Agreement under which you occupy the Subject Premises dated October 28, 1985 between landlord's predecessor, P&H Associates, as Landlord, and Deborah Wenning, as Tenant, and thereafter renewed most recently by Renewal Lease Form dated October 6, 2008 between 82nd Street Associates L.L.C., as Landlord and Deborah Wenning, as Tenant (hereinafter "Lease"), will expire on **FEBRUARY 28, 2011,** that being a date at least 90 and not more than 150 days from the date of service of this Notice upon you.

PLEASE TAKE FURTHER NOTICE, that pursuant to Section 26-504(a)(1)(f) of the Administrative Code of the City of New York and/or Section 55 of Chapter 403, Laws of 1983, amending the Emergency Tenant Protection Act of 1974, and/or Section 2524.2(c)(2) and 2524.4(C) of the Rent Stabilization Code (hereinafter "Rent Stabilization Laws and Code"), the Landlord elects not to renew your Lease upon the expiration thereof, because the Subject Premises is not occupied by the Tenant(s), not including Subtenants or occupants, as your primary residence.

PLEASE TAKE FURTHER NOTICE, that in the event you fail to vacate and surrender possession of the above-referenced premises by **FEBRUARY 28, 2011,** that being the expiration of the aforesaid Lease Agreement, and a date at least thirty (30) days after the service of this Notice upon you, the Landlord, pursuant to the Rent Stabilization Laws and Code as herein defined, intends to commence an action or proceeding in a Court of competent jurisdiction to recover possession of the Subject Premises on the grounds that the Subject premises are not occupied by the Tenant(s), not including Subtenants or occupants, as your primary residence.

PLEASE TAKE FURTHER NOTICE, that the facts necessary to establish the existence of the grounds for such action or proceeding, include, but are not limited to, the following:

1.    Upon information and belief, you are maintaining your primary residence at an abode other than the Subject Premises, to wit: in Italy, where you have resided since 2002.

2.    Upon information and belief, you have not maintained an ongoing substantial physical nexus to the Subject Premises for actual living purposes, as confirmed and substantiated by the agents and/or employees of the landlord, your neighbors, and those regularly present in the building where the premises is located.

3.    Upon information and belief, you previously illegally sublet and/or assigned the Subject Premises to Larry Buckles, "John Doe" and/or "Jane Doe" without compliance with the requirements of Section 2525.6 of the Rent Stabilization Code, and Section 226(b) of the Real Property Law.

4.    The website of your business, Oberlander & Associates, indicates that you run the Italy branch of the business.

PLEASE TAKE FURTHER NOTICE, that the Subject Premises are subject to the Rent Stabilization Law of 1969, as amended by Chapter 576, Laws of 1974, and as further amended by Chapter 403, Laws of 1983, and that this Notice is being served upon you pursuant to and in compliance with the Rent Stabilization Laws and Code as herein defined and applicable provisions of law.

Dated:    New York, New York
          November 11, 2010

                              82ND STREET ASSOCIATES L.L.C.
                              (Owner and Landlord)

                              By: _____
                                  Bita Sassouni, Member

**SPERBER DENENBERG & KAHAN, P.C.**
*Attorneys for Owner and Landlord*
Attn: Steven B. Sperber, Esq.
48 West 37th Street, 16th Floor
New York, New York 10018
(917) 351-1335, ext. 211

Additional Mail:
Corso Andrea Palladio, 178
36100 Vicenza, Italy

Piazza Matteoti 24
36100 Vicenza, Italy

2 Tall Pines Drive
Neptune, NJ 07753

22 Fairway Lane
Ocean, New Jersey 07712

W:\Sandra\ho-notice\SASSOUNI\WENNING-208e82_gol.wpd

- 2 -

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                        : ss.:
COUNTY OF NEW YORK  )

      **BEATRIZ CRUZ,** being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and is employed by Sperber Denenberg & Kahan, P.C., 48 West 37th Street, New York, New York.  On **November 15, 2010** deponent served the *COMBINED NOTICE OF NON-INTENTION TO RENEW LEASE AND INTENTION TO COMMENCE PROCEEDING BASED UPON NON-PRIMARY RESIDENCE* upon the party(ies) whose name(s) and address(es) is(are) listed below as follows:

**DEBORAH WENNING**
Corso Andrea Palladio, 178
36100 Vicenza, Italy

Piazza Matteoti 24
36100 Vicenza, Italy

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State, serving same by *registered mail.*

      Additionally, copies were served by Federal Express, tracking numbers 796452894282 and 796452954616.

**BEATRIZ CRUZ**

Sworn to before me this
15th day of November, 2010

Notary Public

JACQUELINE M. HANDEL
NOTARY PUBLIC, State of New York
No. 02-HA5033367
 Qualified in Queens County
Commission Expires September 19, 2014

Registered No.   RR157909618US

**Date Stamp**

0048

14

11/15/10

| | To Be Completed By Post Office | Reg. Fee $ | $11.50 | Special Delivery | $ | |
|---|---|---|---|---|---|---|
| | | Handling Charge $ | $0.00 | Return Receipt | $ | $0.00 |
| | | Postage $ | $0.98 | Restricted Delivery | $ | $0.00 |

Received by

Domestic Insurance Is Limited To $25,000; International Indemnity Is Limited (See Reverse)

Customer Must Declare
Full Value $ $0.00

☐ With Postal Insurance
☒ Without Postal Insurance

FROM   Steven Sperber, ESQ
Sperber Denenberg et at
48 W 37 St, NY NY 10018

TO   Deborah Wenning
IT Piazza Matteoti #24
36100 Vicenza, Italy

PS Form **3806**,
February 1995

**Receipt for Registered Mail**   *(Customer Copy)*
*(See Information on Reverse)*

---

Registered No. RR157909604US

**Date Stamp**

0048

14

11/15/10

| | To Be Completed By Post Office | Reg. Fee $ | $11.50 | Special Delivery | $ | |
|---|---|---|---|---|---|---|
| | | Handling Charge $ | $0.00 | Return Receipt | $ | $0.00 |
| | | Postage $ | $0.98 | Restricted Delivery | $ | $0.00 |

Received by

Domestic Insurance Is Limited To $25,000; International Indemnity Is Limited (See Reverse)

Customer Must Declare
Full Value $ $0.00

☐ With Postal Insurance
☒ Without Postal Insurance

FROM   Steven Sperber, ESQ
Sperber Dinenberg et at
48 W 37 St, NY NY 10018

TO   Deborah Wenning
IT Corso Andrea Palladio 178
36100 Vicenza, Italy

PS Form **3806**,
February 1995

**Receipt for Registered Mail**   *(Customer Cop...)*
*(See Information on Revers...)*

fedEx
Express

Federal Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: P.O. Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

November 22, 2010

Dear Customer:

The following is the proof-of-delivery for tracking number **796452954616**.

---

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Residence |
| Signed for by: | .SMITH | Delivery location: | C PALLADIO 36100 VI |
| | | | 36100 VICENZA, ITALY 36100 |
| Service type: | Priority Envelope | Delivery date: | Nov 18, 2010 16:36 |



---

### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 796452954616 | Ship date: | Nov 15, 2010 |
| | | Weight: | 0.5 lbs/0.2 kg |

Recipient:
DEBORAH WENNING
PIAZZA MATTEOTI 24
36100 VICENZA, ITALY 36100 IT

Shipper:
STEVEN SPERBER
SPERBER DENENBERG   KAHAN PC
48 W 37TH ST FL 16
NEW YORK, NY 10018 US

Reference

SASSOUNI

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339



Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail PO Box 727
Memphis, TN 38194-1658

Telephone: 901-369-3600

November 22, 2010

Dear Customer:

The following is the proof-of-delivery for tracking number **796452894282**.

---

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | .SMITH | Delivery location: | 178 C PALLADIO 36100 VI |
| | | | 36100 VICENZA, ITALY |
| | | | 36100 |
| Service type: | Priority Envelope | Delivery date: | Nov 18, 2010 16:11 |



---

### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 796452894282 | Ship date: | Nov 15, 2010 |
| | | Weight: | 0.5 lbs/0.2 kg |

Recipient:
DEBORAH WENNING
CORSO ANDREA PALLADIO, 178
3405049655
36100 VICENZA, ITALY 36100 IT

Shipper:
STEVEN SPERBER
SPERBER DENEBERG   KAHAN PC
SPERBER DENENBERG   KAHAN PC
48 W 37TH ST FL 16
NEW YORK, NY 10018 US
SASSOUNI

Reference

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                           : ss.:

COUNTY OF NEW YORK  )

          **BEATRIZ CRUZ,** being duly sworn, deposes and says:

          Deponent is not a party to the action, is over 18 years of age and is employed by Sperber Denenberg & Kahan, P.C., 48 West 37th Street, New York, New York. On **November 22, 2010** deponent served the *COMBINED NOTICE OF NON-INTENTION TO RENEW LEASE AND INTENTION TO COMMENCE PROCEEDING BASED UPON NON-PRIMARY RESIDENCE* upon the party(ies) whose name(s) and address(es) is(are) listed below as follows:

**DEBORAH WENNING**
208 East 82nd Street
Apartment 31
New York, New York 10028

2 Tall Pines Drive
Neptune, NJ 07753

22 Fairway Lane
Ocean, New Jersey 07712

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State, serving same by *certified mail and first class mail.*

                                             **BEATRIZ CRUZ**

Sworn to before me this
22nd day of November, 2010

          Notary Public

JACQUELINE M. HANDEL
NOTARY PUBLIC, State of New York
No. 02-HA5033367
 Qualified in Queens County
Commission Expires September 19, 2014



MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE-POSTMASTER

Received From:

Deborah Wenning
2 Tall Pines Drive
Neptune, NJ 07753

NOV 22 2010

Form 3817, January 2001

---

CERTIFIED MAIL   RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage   $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Po

NOV 22 2010

Sent To
Street, Apt.
or PO Box
City, State

Deborah Wenning
208 East 82nd Street
Apartment 31
New York, New York 10028

PS Form 3800, August 2006

---

Postal Service
TIFIED MAIL   RECEIPT

Very information visit our website at www.usps.com

OFFICIAL USE

Postage   $
Certified Fee
Receipt Fee
nt Required)
Delivery Fee
Required)

NOV 22 2010

Deborah Wenning
22 Fairway Lane
Ocean, New Jersey 07712

August 2006

---

U.S. POSTAL SERVICE   CERTIFICATE OF MAILING

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE-POSTMASTER

Received From:

Deborah Wenning
208 East 82nd Street
Apartment 31
New York, New York 10028

NOV 22 2010

PS Form 3817, January 2001

---

TAL SERVICE   CERTIFICATE OF MAILING

ED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
OR INSURANCE-POSTMASTER

From:

Deborah Wenning
22 Fairway Lane
Ocean, New Jersey 07712

NOV 22 2010

, January 2001

---

U.S. Postal Service
CERTIFIED MAIL   RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage   $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Tota

NOV 22 2010

Sent
State
or PO
City

Deborah Wenning
2 Tall Pines Drive
Neptune, NJ 07753

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK              )
                               : ss:
COUNTY OF NEW YORK             )


The undersigned, an attorney admitted to practice in the courts of the State of New York, affirms the following to be true subject to CPLR 2106:

1.   I am a member of the firm of Sperber Denenberg & Kahan, P.C., attorneys for Petitioner.

2.   I have read the annexed Petition, the contents of which are, upon information and belief, true to the best of my knowledge is based upon a review of Petitioner's records and documents, and conversations with Petitioner's agents and officers.  This verification is made pursuant to RPAPL Section 741, CPLR Section 3020 and 22 NYCRR Section 130-1.1-a.


_____
STEVEN B. SPERBER


Dated:       New York, New York
             March 1, 2011

**EXHIBIT B**

Rental Report for Debra Wenning, 5/12/2014 at West 46th Lottery

# Rental Report for Debra Wenning

This report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report. An applicant who is the subject of this report may obtain a free copy at any time by contacting On-Site Renter Relations. El solicitante que es objeto de este informe puede obtener una copia gratuita por contactar On-Site Renter Relations.

| Identity | From Application | From Experian |
|---|---|---|
| Name: | Debra Wenning | DEBORAH WENNING<br>DEBRA WENNING |
| SSN: | | |
| Birth Date: | | |

| Addresses | From Application | From Experian |
|---|---|---|
| | 208 East 82nd Street<br>New York, NY 10028 - US | CORSO PALLADIO 147<br>36100 (Applicant)<br>Reported 2/2013<br><br>208 E 82ND ST. APT 35<br>NEW YORK, NY 10028-2731 (Applicant)<br>Reported 9/2011 |

| Employment | From Application | From Experian |
|---|---|---|
| Applicant: | Total annual Income: $27,355.49 | DEBORAH GRAU WENNING &<br>DEBORAH GRACE WENNING C |

## Criminal History

### From On-Site.com

| Requested For | Location Searched | Period Searched | Requested | Returned |
|---|---|---|---|---|
| Debra Wenning | Multi-State: AK, AL, AR, AZ, CA, CO, CT, DE, FL, GA, HI, IA, ID, IL, IN, KS, KY, LA, MA, MD, ME, MI, MN, MO, MS, MT, NC, ND, NE, NH, NJ, NM, NV, NY, OH, OK, OR, PA, RI, SC, SD, TN, TX, UT, VA, VT, WA, WI, WV, WY | 5/12/2007 - 5/12/2014 | 5/12/2014 | 5/12/2014 |

Results

*No Records Found*

## National Sex Offender Registry History

### From On-Site.com

| Requested For | Date Requested | Date Returned |
|---|---|---|
| Debra Wenning | 5/12/2014 | 5/12/2014 |

Results

*No Records Found*

## Housing Court Records

### From On-Site.com

| Date Filed | Case Type | Court | Case Number | Notice Type |
|---|---|---|---|---|
| 4/2011 | FORCIBLE ENTRY/DETAINER | NEW YORK | 2011N059002 | |
| | Judgment<br>FOR PLAINTIFF 5/14/2011 | Judgment Amount | Status | Amount Paid |
| | Defendants<br>DEBORAH WENNING | | | |
| | Address<br>208 E 82ND ST. 31, NEW YORK, NY 10028 | | Comments | |
| | Plaintiff<br>82ND STREET ASSOCIATES LLC | | Plaintiff Phone # | |

*Note: A housing court record does not necessarily mean that a tenant owed rent or was evicted from an apartment.*

 

Rental Report for Debra Wenning, 5/12/2014 at West 45th Lottery

## OFAC SDN/Terrorist Watchlist Search

### From On-Site.com

| Requested For | Results | Returned |
|---|---|---|
| Debra Wenning | No records found | 5/12/2014 |

## Risk Models

### From Experian

| Risk Model Name | Score | Score Factors |
|---|---|---|
| FICO (Experian) (Applicant) | 816 | Proportion of balance to high credit on bank revolving or all revolving accounts<br>Number of accounts opened within the last 12 months<br>Number of accounts with balances |

**Description**

The FICO score results from an analysis of individual files from the credit report. The numeric score ranges from 300 to 850, and indicates high and low risk prospects that the consumer poses for lending organizations. The higher the score, the lower the risk, so a higher score is better.

## Credit Accounts

### From Experian



| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 9/1999 | | 0 | 0 | 0 | | |
| | Monthly Payment | High Credit | Type<br>REVOLVING | Comments<br>CREDIT CARD<br>THIS IS AN ACCOUNT IN GOOD STANDING | | | |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 8/1998 | 3/2014 | 0 | 0 | 0 | | |
| | Monthly Payment | High Credit | Type<br>REVOLVING | Comments<br>CREDIT CARD<br>THIS IS AN ACCOUNT IN GOOD STANDING | | | |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 1/1990 | 4/2014 | 0 | 0 | 0 | | |
| | Monthly Payment | High Credit | Type<br>REVOLVING | Comments<br>CHECK CREDIT OR LINE OF CREDIT<br>THIS IS AN ACCOUNT IN GOOD STANDING | | | |

| | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 12/1997 | 12/2013 | 0 | 0 | 0 | | |
| | Monthly Payment | High Credit | Type<br>REVOLVING | Comments<br>CREDIT CARD<br>THIS IS AN ACCOUNT IN GOOD STANDING | | | |

*CR34778448*
Debra Wenning, 5/12/2014

Rental Report for Debra Wenning, 6/12/2014 at West 38th Lottery

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| ███████ | 10/1989 | 5/2004 | 0 | 0 | 0 | ███████ | ███████ |
| | Monthly Payment | High Credit | Type | Comments | | | |
| | ███████ | | REVOLVING | THIS IS AN ACCOUNT IN GOOD STANDING ACCOUNT CLOSED AT CONSUMERS REQUEST | | | |

Payment History

| - | * | * | * | * | * | * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/ | 7/ | 5/ | 3/ | 1/ | 11/ | 9/ | 7/ | 5/ | 3/ | 1/ | 11/ |
| 11 | 11 | 11 | 11 | 11 | 10 | 10 | 10 | 10 | 10 | 10 | 09 |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| ███████ | 9/2012 | 3/2014 | 0 | 0 | 0 | ███████ | ███████ |
| | Monthly Payment | High Credit | Type | Comments | | | |
| | ███████ | | REVOLVING | CREDIT CARD THIS IS AN ACCOUNT IN GOOD STANDING | | | |

Payment History

| 5/ | 3/ | 1/ | 11/ | 9/ | 7/ | 5/ | 3/ | 1/ | 11/ |
|---|---|---|---|---|---|---|---|---|---|
| 14 | 14 | 14 | 13 | 13 | 13 | 13 | 13 | 13 | 12 |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| ███████ | 9/2012 | 1/2014 | 0 | 0 | 0 | ███████ | ███████ |
| | Monthly Payment | High Credit | Type | Comments | | | |
| | ███████ | | REVOLVING | CHECK CREDIT OR LINE OF CREDIT THIS IS AN ACCOUNT IN GOOD STANDING | | | |

Payment History

| 5/ | 3/ | 1/ | 11/ | 9/ | 7/ | 5/ | 3/ | 1/ | 11/ |
|---|---|---|---|---|---|---|---|---|---|
| 14 | 14 | 14 | 13 | 13 | 13 | 13 | 13 | 13 | 12 |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| ███████ | 12/2012 | | 0 | 0 | 0 | $0.00 | $0.00 |
| | Monthly Payment | High Credit | Type | Comments | | | |
| | | $500.00 | REVOLVING | CREDIT CARD THIS IS AN ACCOUNT IN GOOD STANDING | | | |

Payment History

| 4/ | 2/ | 12/ | 10/ | 8/ | 6/ | 4/ |
|---|---|---|---|---|---|---|
| 14 | 14 | 13 | 13 | 13 | 13 | 13 |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| ███████ | █/1999 | 12/2000 | 0 | 0 | 0 | ███████ | ███████ |
| | Monthly Payment | High Credit | Type | Comments | | | |
| | ███████ | | REVOLVING | REVOLVING CHARGE ACCOUNT THIS IS AN ACCOUNT IN GOOD STANDING | | | |

Payment History

| 5/ | 3/ | 1/ | 11/ | 9/ | 7/ | 5/ |
|---|---|---|---|---|---|---|
| 04 | 04 | 04 | 03 | 03 | 03 | 03 |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| ███████ | 12/2006 | 4/2010 | 0 | 0 | 0 | ███████ | ███████ |
| | Monthly Payment | High Credit | Type | Comments | | | |
| | | ███████ | REVOLVING | CREDIT CARD | | | |

Payment History

| - | * | * | * | * | * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/ | 2/ | 12/ | 10/ | 8/ | 6/ | 4/ | 2/ | 12/ | 10/ | 8/ | 6/ |
| 13 | 13 | 12 | 12 | 12 | 12 | 12 | 12 | 11 | 11 | 11 | 11 |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| ███████ | █/2006 | | 0 | 0 | 0 | ███████ | ███████ |
| | Monthly Payment | High Credit | Type | Comments | | | |
| | | ███████ | REVOLVING | ACCOUNT CLOSED AT CONSUMERS REQUEST | | | |

Payment History

| 5/ | 3/ | 1/ | 11/ | 9/ | 7/ | 5/ | 3/ | 1/ | 11/ | 9/ | 7/ |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | 12 | 12 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 10 | 10 |




Rental Report for Debra Wenning, 5/12/2014 at West 45th Lottery

| | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|
| ened /2012 | 9/2013 | 0 | 0 | 0 | | |
| nthly Payment | High Credit | Type REVOLVING | Comments REVOLVING CHARGE ACCOUNT THIS IS AN ACCOUNT IN GOOD STANDING | | | |

yment History

| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/ 14 | 2/ 14 | 12/ 13 | 10/ 13 | 8/ 13 | 6/ 13 | 4/ 13 | 2/ 13 | | | | | | | | |

| Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|
| 9/1999 | | 0 | 0 | 0 | | |
| Monthly Payment | High Credit | Type REVOLVING | Comments CREDIT CARD THIS IS AN ACCOUNT IN GOOD STANDING | | | |

Payment History

| 0 | 0 | 0 |
|---|---|---|
| 9/ 11 | 7/ 11 | |

| Previous Credit Inquiries |
|---|
| From Experian |
| 12/2012 |
| 9/2012 |

**EXHIBIT C**

5/15/2014

**Common Ground**
**P.O. Box 3620937**
**New York, NY 10129**

Deborah Wenning
208 E 82nd Street
35
New York, NY 100282731

    Re:   510 – 550 West 45th Street
    Log #:  0089

Dear Deborah Wenning,

We have received your application for residency in the project indicated above.

Based on the guidelines for eligibility for this project, your application has been rejected for the following reason(s):

☐ Credit history:
_____

☒ Tenant/Landlord history:
*Housing court record – April 2011 – "Forcible Entry / Detainer"*

☐ Upon complete review, your income does not meet the guidelines:
_____

☐ Upon complete review, your income does not demonstrate a continuing need:
_____

☐ Criminal background check:
_____

☐ Your application and/or documentation has been found to include inconsistent information:
_____

☐ Failure of household members to show up for two or more scheduled interview date(s):
_____

☐ Failure to provide required documentation in the specified timeframe:
_____

☐ You do not meet the definition of a household established by the New York City Deptartment of
Housing Preservation and Development. Therefore, you do not qualify for this
program:
_____

☐ Other:
_____

If you have additional information, which you feel would entitle you to appeal this determination, you may
contact this office at 212 750 1405   and/or   212 904 1381 (fax)
within 10 business days of the postmarked date to request a review.

Sincerely,

Common Ground and 530 West 45 Leasing



**EXHIBIT D**

ORIGINAL

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

Index No. L&T            /2012

309 REALTY LLC,

          Petitioner-Landlord,

       -against-

ALEXANDER SROCZYNSKI,
309 West 57th Street - Apt. 1208
New York, New York 10019

          Respondent-Tenant,

ANDRES "DOE",

          Respondent-Undertenant.

Last name of Undertenant being fictitious. Person intended being
in possession of the premises herein described

**PETITION
HOLDOVER**

     THE PETITION OF 309 REALTY LLC, owner and landlord of the premises, alleges, upon information and belief, that:

1.    The undersigned is the Petitioner, a limited liability company.

2.    Respondent ALEXANDER SROCZYNSKI is tenant of the premises, entered into possession under a written rental agreement dated July 21, 2011 between respondent and landlord and continued therein pursuant to said agreement. Respondent ANDRES "DOE" (fictitious last name) is the undertenant of the aforementioned respondent tenant.

3.    The premises are described as follows: all rooms in Apartment 1208 in the building located at 309 West 57th Street, Borough of Manhattan, which is situated within the territorial jurisdiction of the Civil Court of the City of New York, County of New York.

4.    The term for which said premises were rented by the respondent tenant expired on February 10, 2012.

5.    The respondents continue in possession of the premises without permission of the landlord, or of the petitioner, after the expiration of said term. Respondent's tenancy was terminated for the reasons set forth in the Notice to Cure and Notice of Termination previously served upon Respondent, copies of which, together with copies of proof of service, are annexed hereto and made a part hereof.

6.     The apartment is presently subject to the Rent Stabilization Law of 1969, as amended, because it was subject to the Rent Stabilization Law on June 30, 1974; and the owner of the premises: has registered rents and services with the DHCR pursuant to the Administrative Code; is in compliance with the Rent Stabilization Law and Code; and the rent demanded herein does not exceed the legal regulated rent permitted the owner under said Law, Code and appropriate Rent Guidelines Board Orders.

7.     The premises are a multiple dwelling and pursuant to the Administrative Code Article 41 there is a currently effective registration statement on file with the Office of Code Enforcement in which the owner has designated the managing agent named below, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling:

Multiple Dwelling Registration Number: 111399
Registered Managing Agent's Name: Deborah Fromberg
Business Address:  c/o David Associates
                  84-75 Main Street
                  Briarwood, New York 11435

8.     Petitioner lacks written information or notice of any address where the respondent tenant resides, is employed, has a place of business, has its principal office, in New York State, other than the address of the property sought to be recovered and 40 Sunnyslope Drive, New Britain, CT. 06053.

      Petitioner requests final judgment: awarding possession of the premises to the petitioner-landlord; issuance of a warrant to remove respondents from possession thereof; judgment for rent in arrears against respondent tenant for $1,890.30; fair value of use and occupancy; interest from January 1, 2012; and the costs and disbursements herein.

Dated:New York, New York                        309 REALTY LLC, Petitioner
       February 13, 2012

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )

ROBERT M. OLSHEVER, an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following to be true under the penalties of perjury and pursuant to CPLR 2106:

I am a member of the law firm of Robert M. Olshever, P.C., attorneys for the petitioner, I have read the annexed Petition Holdover and know the contents thereof; the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The grounds of belief as to all matters herein not stated on affirmant's knowledge are conversations with petitioner's employees and agents, and a review of relevant documents. This verification is made pursuant to RPAPL 741.


Affirmed: New York, New York
          February 13, 2012

                                                    _____
                                                    Robert M. Olshever, Esq.

ROBERT M. OLSHEVER, P.C.
Attorneys for Petitioner
148 West 24th Street – 3rd Floor
New York, New York 10011
(212) 741-3510


File: 8387

## NOTICE OF TERMINATION

TO:    Alexander Sroczynski
309 West 57th Street – Apt. 1208
New York, New York 10019

    **PLEASE TAKE NOTICE**, that your tenancy of Apartment 1208 in the building known as and located at  309 West 58th Street, New York, New York 10019 is hereby terminated effective February 10, 2012 due to your failure to cure the defaults set forth in the Notice to Cure dated January 3, 2012, previously served upon you, a copy of which, together with a copy of proof of service, is annexed hereto and made a part hereof as if fully set forth at length below.

    **PLEASE TAKE FURTHER NOTICE** that you are hereby required to quit, vacate and surrender possession of the demised premises to landlord on or before February 10, 2012, that being more than seven (7) days after the service of this notice upon you, and that upon your failure to so quit, vacate and surrender possession, the landlord will commence summary proceedings in the Civil Court of the City of New York to recover possession of the premises.

**PLEASE TAKE FURTHER NOTICE** that this notice is served upon you pursuant to Section 2524.2(c)(2) of the Rent Stabilization Code and in accordance with paragraphs "17" and "26" of your lease agreement.

Dated:  New York, New York
        January 26, 2012

                                    309 REALTY LLC
                                    Owner and Landlord

                                    By: _Deborah Fromberg_
                                        Deborah Fromberg, Member

ROBERT M. OLSHEVER, P.C.
Attorneys for Owner and Landlord
148 West 24th Street – 3rd Floor
New York, New York 10011
212-741-3510

File: 8387

RMO:sg/Notices/ Notice of Termination

3

## NOTICE TO CURE

TO:    Alexander Sroczynski
       309 West 57th Street – Apt. 1208
       New York, New York 10019

**PLEASE TAKE NOTICE**, you have violated and are violating substantial obligations of your tenancy in the aforementioned premises under the terms of the lease agreement dated November 18, 1997, between 309 Realty LLC, as Landlord, and Alexander Sroczynski, as Tenant, which lease agreement was most recently renewed and extended by written agreement dated July 21, 2011, for a term commencing December 1, 2011, between Alexander Sroczynski, as Tenant, and 309 Realty LLC, as Landlord, in that, without the permission of the Landlord, and in violation of paragraphs "1" and/or "16(a)" of your lease, Section 226(b) of the Real Property Law, Section 2524.3(a), Section 2524.3(h) and Section 2525.6(a)-(f) of the Rent Stabilization Code, you have sublet or assigned whatever rights you have to occupy the premises.

**PLEASE TAKE FURTHER NOTICE**, that you have violated and are violating substantial obligations of your tenancy, pursuant to paragraphs "1" and/or "16(a)" of your lease, in that, without permission of the Landlord, and/or in violation of RPL 235-f, you have permitted Andres Correa and/or "John Doe", persons other than the Tenant or the immediate family of the Tenant, to occupy the subject premises in your absence.

PLEASE TAKE FURTHER NOTICE, that you have violated and are violating substantial obligations of your tenancy, pursuant to paragraphs "1" and/or "16(a)" of your lease, Section 226(b) of the Real Property Law, Section 2524.3(a), Section 2524.3(h) and Section 2525.6(a)-(f) of the Rent Stabilization Code, in that, without permission of the Landlord, you have assigned, sublet or otherwise permitted the demised premised to be used and occupied by others, in whole or in part, including, but not limited to, Andres Correa and/or "John Doe".

PLEASE TAKE FURTHER NOTICE, that you are hereby required to cure said breach on or before January 19, 2012, that being more than ten (10) days after the service of this notice upon you, and that upon your failure to so cure, the Landlord will elect to terminate your tenancy in accordance with the applicable provisions of law.

PLEASE TAKE FURTHER NOTICE, that the demised premises are subject to the Rent Stabilization Law of 1969, as amended, and that this notice is served upon you pursuant to Section 226(b) of the Real Property Law, Section 2524.3(a), Section 2524.3(h) and Section 2525.6a-f of the Rent Stabilization Code for Rent Stabilized Apartments in New York City, and in accordance with paragraphs "17" and "26" of the lease agreement.

PLEASE TAKE FURTHER NOTICE, that any response to this notice shall be in writing and sent and directed to the below named attorneys for the landlord.

Dated:  New York, New York
        January 3, 2012

                                                309 REALTY LLC
                                                Owner and Landlord


                                        By:  _Deborah Fromberg_
                                                Deborah Fromberg, Member


ROBERT M. OLSHEVER, P.C.
Attorneys for Owner and Landlord
148 West 24th Street – 3rd Floor
New York, New York 10011
212-741-3510


File: 8387
RMO:sg/Notices/Notice to Cure

3

## AFFIRMATION OF SERVICE BY MAIL

ROBERT M. OLSHEVER, an attorney duly admitted to practice law before the courts of the State of New York, affirms the following to be true under the penalty of perjury:

That deponent is not a party to this proceeding, is over 18 years of age, resides in New York County, and is employed at 148 West 24th Street – 3rd Floor, New York, New York 10011.

That on January 3, 2012 deponent served a true copy of the Notice to Cure by ordinary mail with certificate of mailing, by certified mail and by certified mail, return receipt requested, by depositing same in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, directed to the following person:

Alexander Sroczynski
309 West 57th Street – Apt. 1208
New York, New York 10019

Dated:  New York, New York
January 3, 2012

ROBERT M. OLSHEVER

File:  8387
RMO:sg/Notices/Notice to Cure

1

## AFFIRMATION OF SERVICE BY MAIL

ROBERT M. OLSHEVER, an attorney duly admitted to practice law before the courts of the State of New York, affirms the following to be true under the penalty of perjury:

That deponent is not a party to this proceeding, is over 18 years of age, resides in New York County, and is employed at 148 West 24th Street – 3rd Floor, New York, New York 10011.

That on January 27, 2012, deponent served a true copy of the Notice of Termination by ordinary mail with certificate of mailing, by certified mail and by certified mail, return receipt requested, by depositing same in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, directed to the following person:

Alexander Sroczynski
309 West 57th Street – Apt. 1208
New York, New York 10019

Dated:  New York, New York
        January 27, 2012

ROBERT M. OLSHEVER

File: 8387
RMO:sg/Notices/Notice to Terminate

**EXHIBIT E**

Rental Report for Andres Correa, 6/11/2014 at Prince George

# Rental Report for Andres Correa

This report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report. An applicant who is the subject of this report may obtain a free copy at any time by contacting On-Site Renter Relations.
*El solicitante que es objeto de este informe puede obtener una copia gratuita por contactar On-Site Renter Relations.*

| Identity | From Application | From Experian |
|---|---|---|
| Name: | Andres Correa | ANDRES E. CORREA |
| SSN: | | |
| Birth Date: | | |

| Addresses | From Application | From Experian |
|---|---|---|
| | 140 West 72nd Street<br>New York, NY 10023 - US | 421 8TH AVE. UNIT 1005<br>NEW YORK, NY 10116-8951 (Applicant)<br>Reported 1/2014<br><br>PO BOX 7524<br>NEW YORK, NY 10150-7524 (Applicant)<br>Reported 1/2013<br><br>309 W 57TH ST. APT 1208<br>NEW YORK, NY 10019-3155 (Applicant)<br>Reported 7/2009 |

| Employment | From Application | From Experian |
|---|---|---|
| Applicant: | Total annual income: $18,201.00 | |

## Criminal History

### From On-Site.com

| Requested For | Location Searched | Period Searched | Requested | Returned |
|---|---|---|---|---|
| Andres Correa | Multi-State: AK, AL, AR, AZ, CA, CO, CT, DE, FL, GA, HI, IA, ID, IL, IN, KS, KY, LA, MA, MD, ME, MI, MN, MO, MS, MT, NC, ND, NE, NH, NJ, NM, NV, NY, OH, OK, OR, PA, RI, SC, SD, TN, TX, UT, VA, VT, WA, WI, WV, WY | 6/11/2007 - 6/11/2014 | 6/11/2014 | 6/11/2014 |

**Results**
*No Records Found*

## National Sex Offender Registry History

### From On-Site.com

| Requested For | Date Requested | Date Returned |
|---|---|---|
| Andres Correa | 6/11/2014 | 6/11/2014 |

**Results**
*No Records Found*





Rental Report for Andres Correa, 6/11/2014 at Prince George

## Housing Court Records

### From On-Site.com

| Date Filed | | | | |
|---|---|---|---|---|
| 2/2012 | **Case Type** FORCIBLE ENTRY/DETAINER | **Court** NEW YORK | **Case Number** 2012K055522 | **Notice Type** |
| | **Judgment** FOR PLAINTIFF 3/30/2012 | **Judgment Amount** | **Status** | **Amount Paid** |
| | **Defendants** ANDRES CORREA | | | |
| | **Address** 309 W 57TH ST. 1208, NEW YORK, NY 10019 | | **Comments** | |
| | **Plaintiff** 309 REALTY LLC | | **Plaintiff Phone #** | |

**Note:** A housing court record does not necessarily mean that a tenant owed rent or was evicted from an apartment.

## OFAC SDN/Terrorist Watchlist Search

### From On-Site.com

| Requested For | Results | Returned |
|---|---|---|
| Andres Correa | No records found | 6/11/2014 |

## Risk Models

### From Experian

| Risk Model Name | Score | Score Factors |
|---|---|---|
| FICO (Experian) (Applicant) | 760 | Length of time accounts have been established Number of recent inquiries Proportion of balance to high credit on bank revolving or all revolving accounts Number of accounts with balances |

**Description**

The FICO score is a widely used risk model that uses credit report data to predict the likelihood of default. It is used most often by banks and credit grantors. The FICO score range is between 300 and 850 (the higher the score, the less risky the consumer). In the most recent study, the median FICO score was 711.

## Credit Accounts

### From Experian

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 8/2010 | 0 | 0 | 0 | | | |
| | **Monthly Payment** | **High Credit** | **Type** EVOLVING | **Comments** CREDIT CARD THIS IS AN ACCOUNT IN GOOD STANDING | | | |

**Payment History**

| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/ 14 | 3/ 14 | 1/ 14 | 11/ 13 | 9/ 13 | 7/ 13 | 5/ 13 | 3/ 13 | 1/ 13 | 11/ 12 | | | | | | | | |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 12/2012 | 6/2014 | 0 | 0 | 0 | | |
| | **Monthly Payment** | **High Credit** | **Type** REVOLVING | **Comments** CREDIT CARD THIS IS AN ACCOUNT IN GOOD STANDING | | | |

**Payment History**

| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/ 14 | 4/ 14 | 2/ 14 | 12/ 13 | 10/ 13 | 8/ 13 | 6/ 13 | 4/ 13 | 2/ 13 | | | |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 2/2012 | 5/2014 | 0 | 0 | 0 | | |
| | **Monthly Payment** | **High Credit** | **Type** REVOLVING | **Comments** CREDIT CARD THIS IS AN ACCOUNT IN GOOD STANDING | | | |

**Payment History**

| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/ 14 | 3/ 14 | 1/ 14 | 11/ 13 | 9/ 13 | 7/ 13 | 5/ 13 | 3/ 13 | 1/ 13 | 11/ 12 | 9/ 12 | 7/ 12 | | | | | | |

Rental Report for Andres Correa, 6/11/2014 at Prince George

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | /2010 | | 0 | 0 | 0 | ████ | ████ |
| | Monthly Payment | High Credit ████ | Type REVOLVING | Comments CREDIT CARD THIS IS AN ACCOUNT IN GOOD STANDING | | | |

Payment History

| 0 |
|---|
| 5/ 14 |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 4/2011 | 2/2013 | 0 | 0 | 0 | ████ | ████ |
| | Monthly Payment | High Credit ████ | Type REVOLVING | Comments ACCOUNT CLOSED AT CONSUMERS REQUEST | | | |

Payment History

| - | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/ 13 | | 9/ 13 | | 7/ 13 | | 5/ 13 | | 3/ 13 | | 1/ 13 | | 11/ 12 | | 9/ 12 | | 7/ 12 | | 5/ 12 | 3/ 12 | 1/ 12 |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 12/2010 | 1/2012 | 0 | 0 | 0 | ████ | ████ |
| | Monthly Payment | High Credit | Type REVOLVING | Comments ACCOUNT CLOSED AT CONSUMERS REQUEST | | | |

Payment History

| - | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/ 12 | | 2/ 12 | | 12/ 11 | | 10/ 11 | | 8/ 11 | | 6/ 11 | | 4/ 11 | 2/ 11 |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 1/2010 | | 0 | 0 | 0 | ████ | ████ |
| | Monthly Payment | High Credit | Type REVOLVING | Comments ACCOUNT CLOSED AT CONSUMERS REQUEST | | | |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 2/2008 | 8/2011 | 0 | 0 | 0 | ████ | ████ |
| | Monthly Payment | High Credit | Type REVOLVING | Comments CREDIT CARD THIS IS AN ACCOUNT IN GOOD STANDING | | | |

Payment History

| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/ 14 | | 3/ 14 | | 1/ 14 | | 11/ 13 | | 9/ 13 | | 7/ 13 | | 5/ 13 | | 3/ 13 | | 1/ 13 | | 11/ 12 | | 9/ 12 | 7/ 12 |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 1/2012 | 9/2012 | 0 | 0 | 0 | ████ | ████ |
| | Monthly Payment | High Credit | Type REVOLVING | Comments ACCOUNT CLOSED AT CONSUMERS REQUEST | | | |

Payment History

| - | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/ 13 | | 1/ 13 | | 11/ 12 | | 9/ 12 | | 7/ 12 | | 5/ 12 | 3/ 12 |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 2/2013 | 3/2013 | 0 | 0 | 0 | ████ | ████ |
| | Monthly Payment | High Credit | Type REVOLVING | Comments ACCOUNT CLOSED AT CONSUMERS REQUEST | | | |

Payment History

| - | 0 | 0 | 0 | 0 |
|---|---|---|---|---|
| 7/ 13 | | 5/ 13 | 3/ 13 |





Rental Report for Andres Correa, 6/11/2014 at Prince George

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 1/2008 | 2/2008 | 0 | 0 | 0 | | |
| | Monthly Payment | High Credit | Type | Comments | | | |
| | | $22.00 | REVOLVING | REVOLVING CHARGE ACCOUNT<br>THIS IS AN ACCOUNT IN GOOD STANDING | | | |

**Payment History**

| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/<br>14 | 3/<br>14 | 1/<br>14 | 11/<br>13 | 9/<br>13 | 7/<br>13 | 5/<br>13 | 3/<br>13 | 1/<br>13 | 11/<br>12 | 9/<br>12 | 7/<br>12 |

| Account Name | Opened | Last Active | 30-59 | 60-89 | 90+ | Past Due | Balance |
|---|---|---|---|---|---|---|---|
| | 11/2009 | 3/2011 | 0 | 0 | 0 | | |
| | Monthly Payment | High Credit | Type | Comments | | | |
| | | | REVOLVING | CREDIT CARD<br>THIS IS AN ACCOUNT IN GOOD STANDING | | | |

**Payment History**

| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/<br>14 | 3/<br>14 | 1/<br>14 | 11/<br>13 | 9/<br>13 | 7/<br>13 | 5/<br>13 | 3/<br>13 | 1/<br>13 | 11/<br>12 | 9/<br>12 | 7/<br>12 |

## Previous Credit Inquiries

### From Experian

| 3/2014 |
|---|
| 1/2014 |
| 4/2013 |
| 2/2013 |
| 1/2013 |

**EXHIBIT F**

Prince George

# NOTICE OF ADVERSE ACTION

June 13, 2014

Dear Andres Correa:

Thank you for your application for rental housing at 14 East 28th Street, New York, NY  10016 (Prince George).

1. We are unable to offer you a lease on the terms that you requested based on information contained in a consumer report prepared by the consumer reporting agency listed in paragraph 2 of this notice. Unfortunately, we must deny your application at this time.

2. Our decision on your application was based in whole or in part on information obtained in a consumer report from On-Site.com, which you may contact by visiting **www.renterrelations.com**, call toll-free at (877) 222-0384, or by mailing On-Site.com, care of Renter Relations at 307 Orchard City Dr., Ste. 110, Campbell, CA 95008. You have a right under the Fair Credit Reporting Act to know the information contained in your credit ile at the consumer reporting agency. **The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you.** You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency, and to put into your report a consumer statement of up to 100 words explaining your position on the items under dispute. Trained personnel are available to help prepare consumer statements.

3. We also evaluated your application with a proprietary credit score, called a "rental score," and used it in making our decision. The score was calculated by taking information found in your consumer report and applying it to our leasing criteria. Your rental score can change, depending on how the information in your consumer report changes.

   Your rental score: **1**    Date: **June 11, 2014**

   Scores range from a low of 0 to a high of 10.

   Key factors that adversely affected your rental score are:

   - **Your report includes a landlord tenant court record or you owe money to a previous landlord.**

4. If you have any questions regarding your score, you should contact Renter Relations at On-Site.com by visiting **www.renterrelations.com** or at the contact information listed above.

5. You should know that the federal Equal Credit Opportunity Act prohibits creditors, such as ourselves, from discriminating against credit applicants on the basis of their race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract), because they receive income from a public assistance program, or because they may have exercised their rights under the Consumer Credit Protection Act. If you believe that there has been discrimination in handling your application you should contact the Consumer Financial Protection Bureau by going to www.consumerfinance. gov/learnmore, call toll-free at (855) 411-2372, or write to Consumer Financial Protection Bureau, P.O. Box 4503, Iowa City, Iowa 52244.

6. You may have additional rights under the credit reporting or consumer protection laws of your state. For further information, you can contact the New York State Attorney General's office.

Sincerely,

Prince George Limited Partnership

1

